IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DARREYLL T. THOMAS,

    Plaintiff,

v.

ROMAN KAPLAN et al.,

    Defendants.

ORDER

Case No. 14-cv-675-wmc

    Plaintiff Darreyll T. Thomas, a prisoner in the custody of the Wisconsin Department of Corrections, has submitted a proposed civil action under 42 U.S.C. § 1983. Plaintiff has filed a certified copy of an inmate trust fund account statement in support of the motion for leave to proceed without prepaying the fee. (Dkt. #9). After considering the motion and supporting documentation, the court concludes that plaintiff qualifies for indigent status.

    Even when a prisoner litigant qualifies for indigent status, the prisoner litigant must pay a portion of the fee returned by the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner litigant must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to the prisoner's account in the six-month period immediately preceding the filing of the complaint.

    In this case, 20% of the average monthly balance is $94.64, and 20% of the average monthly deposits made to plaintiff's account is $31.61. Because the greater of the two amounts is 20% of the average monthly balance, or $94.64, that is the amount plaintiff will be assessed as an initial partial payment of the filing fee. For this case to proceed, plaintiff must submit this amount on or before October 29, 2014.

In addition, plaintiff has filed a motion for the use of his release account funds to pay the filing fee for this case. (Dkt. #9). Plaintiff's motion will be granted in part. The language in 28 U.S.C. § 1915(b)(1) suggests that prison officials are required to use a prisoner's release account to satisfy an *initial partial payment* if no other funds are available. *Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005). Therefore, if sufficient funds do not exist in plaintiff's regular account to pay his initial partial payment, he should be allowed to use his release account to pay some or all of the assessed amount. This does not mean that plaintiff is free to ask prison officials to pay *all* of his filing fee from his release account. The only amount plaintiff must pay at this time is the $94.64 initial partial payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to ensure that they are aware they should send plaintiff's initial partial payment to this court.

ORDER

IT IS ORDERED that,

1.  Plaintiff Darreyll T. Thomas is assessed $94.64 as an initial partial payment of the $350.00 fee for filing this case. Plaintiff is to submit a check or money order made payable to the clerk of court in the amount of $94.64 or advise the court in writing why plaintiff is not able to submit the assessed amount on or before October 29, 2014.

2.  If, by October 29, 2014, plaintiff fails to make the initial partial payment or show cause for failure to do so, plaintiff will be held to have withdrawn this action voluntarily and the case will be closed without prejudice to plaintiff's filing this case at a later date.

3. Plaintiff's motion to use release account funds (dkt. #9) to pay the initial partial payment he has been assessed in this case is GRANTED IN PART as explained in this order.

4. No further action will be taken in this case until the clerk's office receives plaintiff's initial partial filing fee as directed above and the court has screened the complaint as required by the PLRA, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Entered this 10th day of October, 2014.

BY THE COURT:

/s/

PETER OPPENEER
Magistrate Judge