IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARREYLL T. THOMAS,

                                                                                                                ORDER

                Plaintiff,

                                                                                                         14-cv-675-bbc

    v.

ROMAN KAPLAN, DAHLIA SULIENE,
KAREN ANDERSON and MICHAEL MIESNER,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner Darreyll T. Thomas is proceeding on claims that several prison officials violated the Eighth Amendment and state law by failing to provide him medical care for injuries arising from a gunshot wound he sustained before his incarceration. Two motions are before the court: (1) plaintiff's "motion to freeze, seize and/or lien defendants' assets"; and (2) plaintiff's "motion in limine." Dkt. ##27 and 28. I am denying both motions.

      With respect to his first motion, plaintiff does not explain why he believes it is appropriate to seize or otherwise interfere with any of defendants' property at this time. He cites 28 U.S.C. § 1962, but that statute applies only after a judgment has been entered. He also cites Fed. R. Civ. P. 64, which applies while a lawsuit is a pending, but that rule simply says that a federal court may seize property "to secure satisfaction of the potential judgment" if the seizure is authorized by "the law of the state where the court is located." Because

plaintiff cites no state law that would allow the court to seize defendants' property under the circumstances of this case, I am denying this motion.

In plaintiff's second motion, he seeks to exclude evidence of his criminal history, but that request is premature. There is no pending matter before the court in which plaintiff's criminal history would be relevant. Even in the context of a motion for summary judgment (which neither side has filed), a court may not consider a party's character or credibility. Townsend v. Fuchs, 522 F.3d 765, 774-75 (7th Cir. 2008) ("Credibility determinations, however, lie exclusively within the fact-finder's domain and are not appropriate for a district court to make at the summary judgment stage."). If this case proceeds to trial and plaintiff believes that he can show that evidence of his criminal history is inadmissible under the Federal Rules of Evidence, he is free to renew his argument in a motion in limine at that time.

Going forward, I encourage plaintiff to devote his limited time and resources to gathering evidence and conducting the research necessary to prove his claims rather than filing motions that do nothing but distract him from those important tasks.

ORDER

IT IS ORDERED that plaintiff Darreyell Thomas's "motion to freeze, seize and/or

lien defendants' assets," dkt. #27, and his "motion in limine," dkt. #28, are DENIED.

Entered this 13th day of April, 2015.

                                          BY THE COURT:
                                          /s/
                                          BARBARA B. CRABB
                                          District Judge