IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARREYLL T. THOMAS,

                            ORDER

              Plaintiff,

                        14-cv-675-bbc

      v.

ROMAN KAPLAN and DALIA SULIENE,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Darreyll Thomas is proceeding on a claim that defendants Roman Kaplan and Dalia Suliene failed to provide appropriate medical care for a bullet lodged in his spine, in violation of the Eighth Amendment.  In an order dated July 30, 2015, dkt. #55, I concluded that plaintiff was entitled to assistance in recruiting counsel because the complexity of the case exceeded plaintiff's ability to represent himself at trial.

Lester Pines of the law firm Cullen Weston Pines & Bach LLP has agreed to represent plaintiff, with the understanding that he will serve with no guarantee of compensation for his services.  It is this court's intention that the scope of representation extends to proceedings in this court only.  "Proceedings in this court" include all matters leading up to a final judgment on the merits, the filing of a Notice of Appeal, if appropriate, and ensuring that all steps are taken to transfer the record to the Court of Appeals for the Seventh Circuit.

Additionally, the court intends the scope of representation to be limited to litigating

1

plaintiff's current claims. It will be unnecessary for counsel to file an amended complaint or otherwise relitigate matters already completed.  Counsel should focus on doing what is necessary to prepare the case for trial.  However, if counsel believes that he needs to conduct additional discovery, he may make that request at the scheduling conference.

Plaintiff should understand that because he is now represented in this case, he may not communicate directly with the court from this point forward. He must work directly with counsel and permit him to exercise their professional judgment to determine which matters are appropriate to bring to the court's attention and in what form.  Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes.  He should be prepared to accept the strategic decisions made by counsel even if he disagrees with some of them.  If plaintiff decides at some point not to work with counsel, he is free to end the representation, but he should be aware that it is unlikely that the court will work to recruit another set lawyer to represent him.

If the parties believe that mediation could help resolve their disputes, they may contact the clerk of court, Peter Oppeneer, for assistance.

ORDER

IT IS ORDERED that the clerk of court is directed to set a telephone conference before Magistrate Judge Stephen Crocker to set the schedule for the remainder of the

proceedings in this lawsuit.

Entered this 30th day of September, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge